IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN CURTIS DONGES,

       Plaintiff,                          No. CIV S-09-0360 DAD P

    vs.

DON DURRETT, et al.,

       Defendants.                  ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to compel plaintiff to respond to set one of defendants' special interrogatories.  Plaintiff has not opposed the motion.[1]

       Under Rule 26(b), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  Also, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

---

[1] On August 9, 2010, the court ordered plaintiff to file an opposition or statement of non-opposition to defendants' motion to compel within thirty days.  Plaintiff was also cautioned that his failure to file an opposition would be deemed a waiver of any opposition to the granting of defendants' motion.  The thirty day period has long expired and plaintiff has failed to file any opposition to defendants' motion to compel.

1

Here, the court finds that the discovery sought by defendants is relevant to their defense. Defendants' propounded interrogatories seek information regarding plaintiff's human immunodeficiency virus (HIV) condition. Specifically, defendants requested the names of plaintiff's prior treating physicians and identification of the HIV medications plaintiff has been given. This information is directly relevant to plaintiff's allegation that defendants failed to provide him with necessary medication for his HIV condition while he was detained at Butte County Jail. Accordingly, defendants' motion to compel will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' July 30, 2010, motion to compel (Doc. No. 37) is granted;

2. Plaintiff shall respond to defendant Baker's and Perett's special interrogatories (set one) without objections; and

3. Plaintiff's responses shall be served on defendants' counsel within twenty-one days from the date of this order and a notice indicating that the responses have been provided shall be filed with the court with a proof of service reflecting service on defendants' counsel.

DATED: October 6, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
dong0360.mtc

2