1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAWN CURTIS DONGES,

11          Plaintiff,                    No. CIV S-09-0360 DAD P

12      vs.

13   DON DURRETT, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Now pending before the court is plaintiff's third amended complaint, which

18   the court has construed as a request by plaintiff for leave to file a third amended complaint.

19                                **BACKGROUND**

20          Plaintiff is proceeding in this matter on his second amended complaint.  Therein,

21   plaintiff claims that defendants failed to provide him with adequate medical care in violation of

22   the Eighth Amendment.  Specifically, plaintiff alleges that defendant Perett failed to provide him

23   with adequate medication for his human immunodeficiency virus (HIV) and chronic pain

24   conditions.  Plaintiff also alleges that defendant Flicker kept the jail cells at the Butte County Jail

25   at extreme temperatures, exacerbating plaintiff's HIV condition.  Finally, plaintiff alleges that

26   defendant Baker failed to prescribe him adequate psychiatric medication.  By order filed August

1

1  19, 2009, the court found that plaintiff's second amended complaint appeared to state cognizable

2  civil rights claims and authorized service on defendants.

3  **LEGAL STANDARDS**

4      Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint

5  should be given freely when justice so requires.  However, "a district court need not grant leave

6  to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)

7  produces an undue delay in litigation; or (4) is futile."  AmerisourceBergen Corp. v. Dialysist

8  West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citing Bowles v. Reade, 198 F.3d 752, 758 (9th

9  Cir. 1999)).

10      Moreover, the court is required to screen complaints brought by prisoners seeking

11  relief against a government entity or an officer or employee of a governmental entity.  See 28

12  U.S.C. § 1915A(a).  The court must dismiss a complaint, or a portion thereof, if the prisoner has

13  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

14  may be granted, or that seek monetary relief from a defendant who is immune from such relief.

15  See 28 U.S.C. § 1915A(b)(1) & (2).  A claim is legally frivolous when it lacks an arguable basis

16  either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745

17  F.2d 1221, 1227-28 (9th Cir. 1984).

18  **ANALYSIS**

19      In his proposed third amended complaint, plaintiff appears to add three new

20  named defendants (Bronson, Brooks, and O'Hare) as well as various John Doe defendants.

21  Plaintiff also appears to add three new claims for relief.  However, this case has been pending

22  before the court since February 9, 2009, all discovery is concluded and the time for filing

23  additional motions has now passed.  (Doc. No. 32.)  It appears plaintiff had to have been aware

24  of both his proposed new claims and defendants long ago.  Yet, plaintiff has failed to address his

25  delay in seeking further leave to amend at this late date.  Relevant to evaluating the delay issue is

26  "whether the moving party knew or should have known the facts and theories raised by the

2

1    amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir.

2    1990). See also Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) (district

3    court did not abuse its discretion in denying a motion to amend based on undue delay where facts

4    were available to a plaintiff before previous amendments to the complaint).   Plaintiff's request

5    for further leave to amend at this time is properly denied on this basis alone.

6           Moreover, as explained below, plaintiff's proposed third amended complaint fails

7    to state new cognizable claims under 42 U.S.C. § 1983.  Accordingly, the court finds that

8    granting plaintiff leave to amend his second amended complaint would be futile and that his

9    request to do so should therefore be denied.

10   I.  Defendant Bronson

11          In his third amended complaint plaintiff alleges that defendant Bronson, as First

12   Coordinator, "is responsible for inspecting [Butte County Jail's] maintenance and maintenance

13   workers. (Third Am. Compl. at 3.)  Plaintiff also alleges that the Butte County Jail was kept at

14   extreme temperatures, ranging from 42 to 98 degrees, thereby threatening his health.  (Id. at 9.)

15          To sustain an Eighth Amendment claim contesting the conditions of confinement,

16   a plaintiff must allege facts satisfying two elements.  First, a plaintiff must allege facts

17   demonstrating that an official deprived him of "the minimal civilized measure of life's

18   necessities." Kennan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quotations and citations

19   omitted).  In this regard, a prison official must provide an inmate with "adequate shelter, food,

20   clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731

21   (9th Cir. 2000) (citing Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  Second, a

22   plaintiff must allege facts demonstrating that the prison official acted with "deliberate

23   indifference." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  A prison official acts with deliberate

24   indifference when he "knows of and disregards an excessive risk to [plaintiff's] health or safety."

25   Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from

26   which the inference could be drawn that a substantial risk of serious harm exists, and he must

3

1  also draw the inference."  Id.

2          Here, in his proposed third amended complaint plaintiff has failed to allege

3  specific facts demonstrating that defendant Bronson acted with deliberate indifference.  Plaintiff

4  does not allege that defendant Bronson knew of the extreme temperatures at the jail, knew of

5  plaintiff's health condition, or in any way disregarded a risk posed by the jail's extreme

6  temperatures to plaintiff's health.  Accordingly, plaintiff's vague allegations against defendant

7  Bronson fail to state a cognizable § 1983 claim.

8  II.  Defendant Brooks

9          In his proposed third amended complaint plaintiff alleges that defendant Brooks is

10  the Sheriff of Butte County, and as such "is charged with the duty of maintaining and operating

11  the county jail . . . [and] safekeeping the pretrial detainees . . . at Butte County Jail."  (Third Am.

12  Compl. at 3.)  Plaintiff, however, fails to allege any specific facts linking the actions of defendant

13  Brooks with any alleged constitutional deprivation.  Rather, plaintiff apparently seeks to impose

14  liability on defendant Brooks solely based upon his supervisory position.  Plaintiff is advised in

15  this regard that supervisory personnel are generally not liable under § 1983 for the actions of

16  their employees under a theory of respondeat superior.  When a defendant holds a supervisory

17  position, the causal link between the defendant and the claimed constitutional deprivation must

18  be specifically alleged.  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Accordingly,

19  plaintiff has failed to state a cognizable § 1983 claim against defendant Brooks.

20  III.  Defendant O'Hare

21          In his proposed third amended complaint plaintiff alleges that defendant O'Hare

22  supervises, manages, and administers the Butte County Jail.  (Third Am. Compl. at 4.)  Plaintiff

23  has also attached an inmate grievance to his proposed third amended complaint reflecting that

24  defendant O'Hare denied plaintiff's grievance regarding the temperature of the jail.  (Id., Ex. 7.)

25          It is well-established that "an inmate lacks a separate constitutional entitlement to

26  a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

4

(citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when an official screens-out or otherwise denies a prisoner's administrative grievance, the official does not deprive the prisoner of any constitutional right.  See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or otherwise ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate grievances without any basis failed to demonstrate a violation of federal rights).  Accordingly, plaintiff's allegation that defendant O'Hare denied him relief in response to his inmate grievance regarding the temperature of his cell fails, without more, to state a cognizable claim under § 1983.

IV.  John Doe Defendants

Plaintiff has included thirty-two John Doe defendants in his proposed third amended complaint.  According to plaintiff, these unnamed defendants are responsible for operating and maintaining the Butte County Jail.  (See Third Am. Compl. 2-4.)

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  The court cannot authorize service of a complaint on defendants not identified by name.  Accordingly, to the extent that plaintiff is able to determine the identities of the John Doe defendants in the future and is able to allege specific facts linking any of their actions to the alleged constitutional violations, he should seek leave to amend at that time.

V.  New Claims

As noted, plaintiff also seeks to add three new types of claims in his proposed third amended complaint.  First, plaintiff claims that his rights under the Eighth Amendment and Fourteenth Amendment have been violated because his pre-trial detention amounts to punishment without due process of the law.  (Third Am. Compl. at 13.)  Second, plaintiff claims

1   that the setting of bail in state court violates the Equal Protection Clause of the Fourteenth

2   Amendment because detainees who cannot post bail are treated differently based on their

3   financial capabilities.  (Id.)  Third, plaintiff alleges that the California Board of Corrections has

4   failed to comply with various state health, safety, and administrative codes.  (Id. at 16.)

5          Federal Rule of Civil Procedure 18(a) provides: "A party asserting a claim to

6   relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

7   independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has

8   against an opposing party."  Under Rule 18, "multiple claims against a single party are fine, but

9   Claim A against Defendant 1 should not be joined with unrelated Claim B against defendant 2."

10  Medina v. Dickinson, No. Civ. S-10-0502 GGH P, 2010 WL 3734103, at *7 (E.D. Cal. Sept. 21,

11  2010) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).  In other words,

12  "[u]nrelated claims against different defendants belong in different suits [.]"  Id.

13         Here, plaintiff's proposed new claims are wholly unrelated to the claims set out in

14  his second amended complaint and appear to be directed against completely different parties.  As

15  explained above, in his second amended complaint plaintiff alleges that defendants Perett,

16  Flicker, and Baker violated his Eighth Amendment rights to adequate medical care and shelter.

17  If plaintiff were allowed to amend his pleadings to include claims challenging pre-trial detention,

18  bail, and various unidentified state laws, this case would be inundated by a host of unrelated

19  claims and defendants.  This concern carries particular weight given the fact, noted above, that

20  pursuant to this court's scheduling order discovery closed on July 2, 2010 and all pretrial motions

21  were to be filed on or before September 24, 2010.  (Doc. No. 32.)  Therefore, to the extent that

22  plaintiff seeks to present his proposed new claims he should do so, if at all, in a separate action.[1]

23  /////

24  /////

25  

26       [1]  The court does not suggest that plaintiff's proposed new claims are cognizable under 42 U.S.C. § 1983 or have merit.

6

1

**CONCLUSION**

2          Accordingly, for all the reasons set forth above, IT IS HEREBY ORDERED that

3   plaintiff's filing of June 29, 2010 (Doc. No. 38), construed as a request for leave to file a third

4   amended complaint is denied.  The operative pleading in this action remains plaintiff's second

5   amended complaint.

6   DATED: October 6, 2010.

7

8   _____

9   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

10  DAD:sj
    dong0360.mta

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26