IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN CURTIS DONGES,

      Plaintiff,                          No. 2:09-cv-0360 LKK DAD P

     vs.

DON DURETT, et al.,

      Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983.  This case came before the undersigned on November 3, 2011 and December 8, 2011, for settlement conferences.  After the settlement conferences, the parties reached an agreement and filed a stipulation for voluntary dismissal of this case with prejudice.  Pursuant to the stipulation of the parties, the case was dismissed and closed.  Pending before the court is plaintiff's motion to seal portions of the record in this case.  Plaintiff states that he wishes to seal details of the case because, for example, his complaint filed in this action contains information about his health status, and he does not want his family to know about certain medical conditions he has.

        Plaintiff is advised that there is a presumption of public access to court documents under the First Amendment and the common law and that the public, therefore, normally has the right to inspect documents filed with the court.  See Nixon v. Warner Commun., Inc., 435 U.S.

1

589, 597-98 (1978). Accordingly, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Plaintiff, as the party seeking to seal a portion of the record in this case, bears the burden of overcoming that strong presumption by offering "compelling reasons" supported by specific factual findings. Id. at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."); Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). Here, plaintiff has not provided the court with compelling reasons to seal any portions of the record in the case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to seal portions of the record in this case (Doc. No. 77) is denied.

DATED: August 8, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
dong0360.sett

2